IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br>MARITSSA RIOS GRACIA<br>HC 01 Box 6943<br>Gurabo, PR 00778<br>SSN xxx-xx-8470<br>Debtor | BANKRUPTCY 16-00034 BKT<br>CHAPTER 13<br><br>*Motion for Determination of Secured Value<br>Pursuant to Rule 3012 doc #23<br>Order Denying Rule 3012 Motion doc #25* |

DEBTOR'S RESPONSE & REQUEST VACATE DENIAL OF RULE 3012
MOTION, IN ALTERNATIVE REQUEST TO WITHDRAW MOTION

TO THE HONORABLE COURT:

COMES NOW debtor through her legal representation and respectfully responds and requests this Court to vacate its Order at doc #25, or in alternative, request withdrawal of doc #23 as follows:

INTRODUCTION

On February 14, 2016 at doc #23 debtor filed a Motion pursuant to Rule 3012 to value the collateral financed with Muebleria Berrios.  Debtor's proposed Amended Plan has also valued the collateral in the same amount of $500 with conscipcous notice contained therein that the Plan modifies this creditor's claim.

The denial of the Rule 3012 Motion was entered on docket on March 8, 2016 and becomes final after today, March 22, 2016.

The Rule 3012 Motion was noticed to M. Berrios/Schcrony Bank with a Notice of Opportunity for Objection, as well as the Plan which conscpiciously notice this creditor of the Plan's proposed treatment of its claim.

Muebleria Berrios/Synchrony Bank have not opposed either the Rule 3012 Motion nor the proposed Plan despite notice to this creditor(s).  Notwithstanding, despite notice and no objection filed by this creditor, this Court has denied the motion filed at doc #23 without prejudice of filing an adversary proceeding.

Debtor respectfully requests the Court to reconsider its ruling and allow valuation of the $500 collateral as proposed without objection under the Plan(s) and

pursuant to the Rule 3012 Motion, or in the alternative, debtor requests withdrawal of her Motion filed at doc #23.

What follows is debtor's argument in support of her request to vacate the denial.  In the alternative, debtor withdraws the Rule 3012 Motion and requests that the Plan as proposed and not opposed by this creditor be confirmed since this creditor has consented to the treatment under the proposed Plan and has not opposed the Rule 3012 Motion at doc #23.  Furthermore, M. Berrios has not filed a claim in this case.

PROCEDURAL BACKGROUND

1. Debtor filed her bankruptcy petition under chapter 13 on Januaey 7, 2016 at doc #01.

2. Debtor proposed an amended  chapter 13 Plan on January 13, 2016 at doc #16.

3. The proposed Plan on its first page states:  *"Your rights may be affected. Your claim may be reduced, modified or eliminated.  See page 2 of Plan*."

4. On the Plan's second page it states:

*"NOTICE TO RELIABLE FINANCIAL SERVICES & SYNCHRONY/M. Berrios/Parties in Interest:*

*PLAN SETS OUT NON-STANDARD PROVISIONS at ¶5. Your rights may be affected. Your claim may be reduced, modified or eliminated. You should read the Plan carefully especially at ¶5 and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the Plan treatment of your claim or any provision of this Plan, you or your lawyer must file an objection to confirmation at least twenty one (21) days before the hearing on confirmation not yet scheduled, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no written objection to confirmation is filed. See Bankruptcy Rule 3015."*

5. The proposed Plan has provided identical treatment of similarly situated secured claims with Reliable and M. Berrios.  The Plan has been individually noticed via certified mail to the two creditors to which the Plan proposed modifying their claims by payment of the value of the collateral secured by these claims.

6. Similar to the other creditor where agreement as to value was reached, the

undersigned reached out to Muebleria Berrios, who assured a member of our staff that they would not oppose any treatment or provision under debtor's Plan.

7. There has been no claim submitted either by M. Berrios or Synchrony Bank in regard to this claim. Refer to the Court's claims docket.

SUPPORT FOR PLAN &/OR MOTION TREATMENT OF SECURED CLAIM

**11 U.S. Code § 506 - Determination of secured status**

(a) (1)
An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, **is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property**, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use **or on a plan affecting such creditor's interest**.
. . .
(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
. . .
(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

**Section 1322. Contents of Plan**

(b) Subject to subsections (a) and (c) of this section, **the plan may**—
(1) . . .
(2) **modify the rights of holders of secured claims**, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; Emphasis provided.

**Fed. R. Bankr. P. 3012. Valuation of Security**

The court **may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party** in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

**Notes of Advisory Committee on Rules—1983**

"Pursuant to §506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value. The valuation of secured claims may become important in different contexts *e.g.*, to determine the issue of adequate protection under §361, impairment under §1124, or treatment of the claim in a plan pursuant to §1129(b) of the Code. This rule permits the issue to be raised on motion by a party in interest. The secured creditor is entitled to notice of the hearing on the motion and the court may direct that others in the case also receive such notice.

An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001. That proceeding is relevant to the basis of the lien itself while valuation under Rule 3012 would be for the purposes indicated above."

### SILENCE FROM M BERRIOS/SYNCHRONY EQUATES WITH CONSENT TO PLAN'S TREATMENT & TO THE RULE 3012 MOTION

To date no opposition or written objection to the Plan, nor has a claim been filed by either Muebleria Berrios and/or Synchrony Bank which M. Berrios telephonically represents to the undersigned to effectively have been paid its claim by Synchrony Bank and apparently has no further interest in these proceedings.

The confirmation of any reorganization Plan, be it in chapters 11, 12 or 13 is driven by notice to the creditors and parties in interest to allow parties and creditors to express opposition or objection to the proposed treatment of its claim. Silence or inaction by a creditor equates to consent to the proposed treatment. Especially refer to the U.S. Supreme Court case of *Student Aid Fund, Inc. v Espinosa* , 130 S. Ct. 1367 (2010) where the highest court has recognized the finality of confirmation orders when creditors do not oppose treatment under a chapter 13 plan.

Although Bankruptcy courts have a duty to "address and correct a defect in a debtor's proposed plan even if no creditor raises the issue," the *Espinosa* Court has said that "where the possible impediment to confirmation (e.g., failure to comply with § 1322(b)(5)) is not "an obvious plan defect," the onus is on interested parties to properly and timely bring those issues to the court's attention. *In re Euliano*, 422 B.R.177 at 184, fn. 14 (Bankr. D. Mass. 2010), citing *In re Castleberry*, 437 B.R. 705, 707 (Bankr. M.D. Ga.

2010).

In the instant  case there is no defect in the debtor's proposed plan since both Sections 506 and 1322 provide and allow for just such treatment under a chapter 13 Plan.  Payment of value instead of an undersecured claim is in benefit of the Estate.

## SUPPORT FOR USE OF PLAN TREATMENT &/OR RULE 3012

Sections 506 and 1322 in conjunction allow precisely for the valuation of a secured creditor's claim through a chapter 13 Plan.  A Rule 3012 adds to the Plan's treatment and in this case allows for additional notice of debtor's proposed treatment to M. Berrios/Synchrony's claim.

The Bankruptcy Code, *11 U.S.C.S. § 1322*(b)(2) explicitly gives Chapter 13 debtors the right to modify the rights of secured creditors, except where specifically excluded. Furthermore, § 1325(a)(5) permits the bankruptcy court to confirm a plan over a secured creditor's objection where the secured creditor retains its lien and the debtor distributes property of a value, as of the effective date of the plan, not less than the allowed amount of such secured claim.

Furthermore, the First Circuit Court of Appeals has held that "a court may determine the value of a claim secured by a lien on property in which the estate has an interest on **motion of any party in interest** and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." *In Re Lafata,* 483 F.3d 13, 22 (1st Cir. 2007).  Moreover, the Official Committee Notes to Section 506(d) of the Bankruptcy Code clarifies that valuation of collateral, as opposed to the validity, priority or extent of the collateral, is appropriately addressed by motion pursuant to Bankruptcy Rule 3012. Specifically, the Official Committee Notes                          to                          Section506(d)                          states

*"An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001.  That proceeding is relevant to the basis of the lien itself while valuation under Rule 3012 would be for the purposes indicated above (e.g., to determine the issue of adequate protection, impairment, or treatment of a claim in the plan.)"*  11 U.S.C. § 506(d) Advisory Committee's Notes.

An adversary proceeding is required under Rule 7001(2) when the dispute between the parties raises an issue as to the validity, priority, or extent of the underlying lien.   Pursuant to Part VII of the Rules, adversary proceedings are subject to a much more comprehensive set of procedures than are contested matters. Under the majority view, the validity, priority, and extent of the lien are not implicated when a debtor seeks to declare a lien void on the basis of the valuation of the collateral.  The terms "validity," "priority," and "scope" refer to enforceability (i.e., the existence or legitimacy of the lien itself), superiority in rank or position, and identification of the property encompassed by or subject to the lien, not to the extent to which the claims of the mortgagee are secured.  *See In re Millspaugh,* 302 B.R. at 96-97.

Debtor in this case does not seek to otherwise contest the validity, extent, or priority of the lien.

The use of Plan treatment and/or use of Fed. R. Bankr. P. 3012 is more expedited and more proper under a chapter 13 Plan, as opposed to use of an adversary proceeding that would unnecessarily burden the chapter 13 process and add unnecessary cost to what should be a 'light' and summary proceeding under chapter 13.  Even in chapter 11, valuation is obtained through Plan provisions and treatment, and we respectfully do not see why a chapter 13 should be any different in this respect, especially when the collateral is a used bedroom set valued in the debtor's opinion at $500.

 Accordingly, governing decisional case law from our 1st Circuit Court of Appeals as well as statutory authority rejects any requirement that this  claim be valued through  an adversary proceeding.

**WHEREFORE**, debtor requests:

a)        That this Court's denial at doc #25 of doc #23 be vacated;

b)       That valuation through the Rule 3012 Motion and proposed Amended Plan be allowed without filing of an adversary proceeding; in alternative

c)       Allow withdrawal of the motion filed at doc #23;

d)       For such other and further relief as this Court deems just and proper.

In Caguas, Puerto Rico, this March 22, 2016

<u>NOTICE</u>

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico.  If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**: I hereby certify that I electronically filed the foregoing with the Clerk of the Court on this same date using the CM/ECF System which will send notification of such filing to all registered parties, especially to Synch/Empresas Berrios via USPS mail at 950 Forrer Blvd., Kettering, OH 45420 Empresas Berrios via USPS mail at PO Box 674, Cidra 00739-0674 and to the C13 Trustee.

DATED:  March 22, 2016

s/ **L.A. Morales**

LYSSETTE MORALES VIDAL
USDC PR #121100
L.A.MORALES& ASSOCIATES P.S.C.
URB VILLA BLANCA
CAGUAS, PUERTO RICO 00725-1908
TEL: 746-2434 FAX: 258-2658
E-MAIL: lamoraleslawoffice@gmail.com